UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KINGVISION PAY-PER-VIEW, LTD.,

    Plaintiff,         REPORT AND
                   RECOMMENDATION

  -against-          10-CV-127 (RRM) (ALC)

VIBES SPORTS BAR AND CAFÉ, INC. d/b/a
VIBES SPORTS BAR AND CAFE, and BERTEL
WALKER,

    Defendants.
-----------------------------------------------------------------X

CARTER, UNITED STATES MAGISTRATE JUDGE:

 By order dated September 1, 2010, the Honorable Roslynn M. Mauskopf, United States District Judge, referred Plaintiff's motion for an entry of a default judgment to me for a report and recommendation. For the reasons stated below, I respectfully recommend granting Plaintiff's motion for default and awarding it $16,045.40 in damages.

 **I. Background**

 Plaintiff Kingvision Pay-Per-View, LTD, through counsel, commenced the instant litigation against Defendants Vibes Sports Bar and Café, Inc. d/b/a Vibes Sports Bar and Cafe ("Vibes Sports Bar") and Bertel Walker, alleging a violation of Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

 The following facts are gathered from Plaintiff's complaint, filed on January 13, 2010, and Plaintiff's memorandum of law in support of a default judgment, filed on September 29, 2010. Plaintiff is a Delaware corporation that entered into a closed-circuit television license agreement to telecast the January 19, 2008 boxing match between Roy Jones, Jr. and Feliz Trinidad, including undercard or preliminary bouts (the "Event") at certain entertainment establishments,

1

such as bars, restaurants, and lounges, throughout New York. (Compl. ¶¶ 4, 8.) For a fee, an establishment could receive authorization to display the Event to its patrons. (*Id*. ¶ 11.) The transmission of the Event was electronically coded or "scrambled" and never intended for the general public use. (*Id*. ¶ 12.) In order for an establishment to receive the signal and telecast the Event to its patrons, the Event had to be decoded with electronic decoding equipment. (*Id*.) In addition, the establishment was contractually required to charge its patrons an admission fee for attending the exhibition of the Event. The transmission of the Event was made available to Defendants for purchase. (*Id*. ¶ 13.) Defendants, however, never contracted with Plaintiff to receive the rights to telecast the Event. (*Id*.)

Defendant Vibes Sports Bar is a New York corporation operating at 1778 Ralph Avenue, Brooklyn, New York. (*Id*. ¶ 5.) Defendant Bertel Walker is the owner of Vibes Sports Bar. (*Id*. ¶ 6.) Plaintiff alleges that Defendants willfully intercepted satellite signals and exhibited the Event to their patrons, without consent of the Plaintiff. (*Id*. ¶¶ 15-19.) On the night of the event, Plaintiff sent an independent investigator, Denise Granum, to Vibes Sports Bar. (Pl. Mot. 3.) She entered Vibes Sports Bar at approximately 10:55 p.m. (Affidavit of Denise Granum, sworn to on January 23, 2008 "Granum Aff.") She was not asked by Defendants to pay a cover charge. (*Id*.) She observed Vibe Sports Bar telecasting the Event to its patrons. (*Id*.) In her affidavit, she describes the physical features of the bar, the numbers of televisions the bar had, and the waitress that served Ms. Granum a drink. (*Id*.) Ms. Granum proffers that there were 59 patrons when she entered, 65 patrons there while she was in the bar, and approximately 73 patrons by the time she left. (*Id*.) She left Vibes Sports Bar at approximately 11:20 p.m. (*Id*.)

## II. Discussion

### A. Liability

Fed. R. Civ. P. 55 sets forth a two-step process in which first a default, and then a default judgment, is entered. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The court clerk automatically enters the default pursuant to Fed. R Civ. P. 55(a) by noting the party's default on the clerk's record of the case. *See id.* After a default has been noted, the court enters a default judgment against a party that has failed to plead or otherwise defend an action brought against it. *See* Fed. R. Civ. P. 55(b)(2). To date, the court has received no communication from Defendants. They have not responded to Plaintiff's complaint or opposed Plaintiff's motion for a default judgment. Accordingly, an entry of default is proper.

After the default is noted, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993); *Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). As noted above, Plaintiff's complaint invokes 47 U.S.C §§ 553 and 605(a). Section 553 provides that:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

Section 605(a) provides that:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Section 605(a) applies to "'the interception of cable-borne, as well as over-the-air, pay television' where cable-borne transmissions originate as satellite transmission." *Kingsvision Pay-*

*Per-View Corp., Ltd. v. Keane*, No. 02-CV-5173, 2006 WL 1704474, at *3 (E.D.N.Y. June 16, 2006) (citing *Int'l Cablevision v. Sykes*, 75 F.3d 123, 130 (2d Cir. 1996)). Based on the facts described above, I find that Plaintiff has established liability.

### B. Damages

After assessing liability, the court must then ensure that there is a reasonable basis for the damages specified in a default judgment. Actual damages or statutory damages may be assessed. In determining damages not susceptible to simple mathematical calculation, Fed. R. Civ. P. 55(b)(2) gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). The moving party is entitled to all reasonable inferences from the evidence it offers. *Au Bon Pain*, 653 F.2d at 65 (citing *Trans World Airlines, Inc. v. Hughes*, 308 F.Supp. 679, 683 (S.D.N.Y. 1969)).

Plaintiff alleges that Defendants violated 47 U.S.C. §§ 553(a)(1) and 605(a) through the unauthorized interception of its satellite transmission. However, a court is not permitted to award damages under both statutes for a single illegal transmission. *See Sykes*, 997 F.2d at 1009 (2d Cir. 1993). Where a defendant is found to have violated both statutes, the court should award damages pursuant to section 605. *Id.*; *see also Garden City Boxing Club, Inc. v. Polanco*, No. 05-CV-3411, 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006), *aff'd*, 228 Fed. Appx. 29, 30 (2d Cir. 2007). Accordingly, I will evaluate Plaintiff's request for damages under section 605 alone.

Plaintiff has elected to recover damages under 47 U.S.C. § 605(e)(3)(C)(i)(II), which allows for statutory damages for "each violation of subsection (a) of this section . . . in a sum of not less

than $1,000 or more than $10,000, as the court considers just . . . ." Here, Plaintiff requests the maximum amount of $10,000. The amount of damages assessed pursuant to section 605 rests within the sound discretion of the court. 47 U.S.C. § 605(e)(3)(C)(i)(II); *see also Home Box Office v. Champs of New Haven, Inc.*, 837 F.Supp. 480, 484 (D. Conn. 1993). In exercising such discretion, courts should be mindful of the difficulty in detecting such violations and the widespread problem of piracy. *See Cablevision Sys. New York City Corp. v. Faschitti*, No. 94-CV-6830, 1996 WL 48689, at *2 (S.D.N.Y. Feb. 7, 1996).

In determining the proper amount of statutory damages, a court may consider such factors as "the pecuniary loss sustained by the victim as a result of the offense, the financial resources of the defendant, ... the financial needs and earning ability of the defendant ... as well as the burden that a damage award would impose on the defendant relative to the burden alternative relief would impose." *J & J Sports Prods., Inc. v. Potions Bar & Lounge, Inc.*, No. 08-CV-1825, 2009 WL 763624, at *6 (E.D.N.Y. Mar. 23, 2009) (quoting *Cablevision Sys. Corp. v. De Palma*, No. 87-CV-3528, 1989 WL 8165, at *6 (E.D.N.Y. Jan. 17, 1989)). Most courts assess damages by multiplying the number of patrons who viewed the event by the amount an individual would pay to view the program at home on a pay-per-view channel. *See, e.g.*, *Garden City Boxing Club v. Rosado*, No. 05-CV-1037, 2005 WL 3018704, at *3-4 (E.D.N.Y. Oct. 6, 2005) (multiplying the number of patrons present at the unauthorized broadcasting by the residential charge for the pay-per-view event being shown by $54.95); *Garden City Boxing Club, Inc. v. Bello*, No. 05-CV-1300, 2005 WL 2496062, at *3 (E.D.N.Y. Sept. 20, 2005) (same). Although Plaintiff has not submitted a residential fee, I find that $54.95 per patron is appropriate. *Kingvision Pay-Per-View Ltd. v. Cazares*, No. 05-CV-2934, 2006 WL 2086031, at *3 (E.D.N.Y. Jul. 25, 2006); *Rosado*, 2005 WL 3018704, at *3; *Bello*, 2005 WL 2496062, at *3. I will use the greater number

of patrons to calculate the damages in this case because Defendants profited from at least that number of patrons. Accordingly, at a rate of $54.95 multiplied by 73 patrons, I recommend that Plaintiff be awarded $4,011.35 in statutory damages.

Plaintiff also seeks an increased award of up to $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). The statute requires a showing of willfulness. *Id*. Willfulness is defined as "disregard for the governing statute and an indifference for its requirements," *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985), and is established by the fact that an event is broadcast without authorization. *See Polanco*, 228 Fed. Appx. at 30-31; *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems"). To determine whether conduct in this context demands increased damages, courts have considered various factors, including "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; defendant's charging a cover charge or charging premiums for food and drinks." *Kingvision Pay-Per-View, Ltd. v. Recio*, No. 02-CV-6583, 2003 WL 21383826, at *5 (S.D.N.Y. Jun. 11, 2003).

A defendant who intercepts signals and broadcasts programming without authorization "in a place of business where certain events are shown to the public" is typically held to have acted willfully. *Am. Cablevision of Queens v. McGinn*, 817 F.Supp. 317, 320 (E.D.N.Y.1993) (citing *Cablevision Sys. Corp. v. Maxie's North Shore Deli Corp.*, No. 88-CV-2834, 1991 WL 58350 (E.D.N.Y. Mar. 20, 1991)). Since knowledge of infringement may be "actual" or "constructive," it need not be proven directly and can be inferred from the defendant's conduct. *See Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995); *N.A.S. Import Corp. v. Chenson Enters.,*

*Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). In this case, I find Defendants conduct was willful and I recommend enhanced damages equal to three times the amount of damages awarded under section 605(e)(3)(C)(ii), for a total of $12,034.05. *See Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *5 (E.D.N.Y. Sept. 28, 2007); *Kingvision Pay-Per-View, Ltd. v. Echeverria*, No. 06-CV-1266, 2007 WL 595025, at *4 (E.D.N.Y. Feb. 22, 2007).

### C. Liability of the Individual Defendant

Plaintiff names Bertel Walker as an individual defendant and alleges that Walker is the owner of Vibes Sports Bar. (Compl.¶ 6.) To establish a violation of 47 U.S.C. § 605(a) by an individual defendant, Plaintiff must show that the individual defendant "authorized" the violations set forth in the complaint. *See Kingvision Pay-Per-View Ltd. v. Olivares*, No. 02-CV-6588, 2004 WL 744226, at *5 (S.D.N.Y. Apr. 5, 2004) (citing *Softel Inc. v. Dragon Med. & Sci. Commc'ns*, 118 F.3d 955, 971 (2d Cir. 1997)). "To establish vicarious liability, [Plaintiff] must show that ... [the individual defendant] had a 'right and ability to supervise' the infringing activities and had 'an obvious and direct financial interest in the exploitation of [the] copyrighted materials.'" *Id.* (quoting *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963)).

Assuming the truth of the undisputed allegation in the complaint, the motion for entry of a default judgment establishes the requisite control and financial interest for Walker. *See id.* (finding requisite control and financial interest where individual defendants were sole proprietor and officer, director, shareholder, and/or principal of defendant establishments). Therefore, I recommend that the Court hold Walker jointly and severally liable with his business for the violation of 47 U.S.C. § 605(a) as discussed above. Accordingly, I recommend that Plaintiff's

award be limited to a single recovery against the individual defendant and the corporate defendant, jointly and severally.

### D. Costs

As the prevailing party, Plaintiff is also entitled to an award of attorney's fees and costs related to the action. 47 U.S.C. § 605(e)(3)(B)(iii); *International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009 (2d Cir. 1993). Plaintiff seeks reimbursement only for costs of $470.00. While the amount appears reasonable, Plaintiff failed to submit invoices or identify the reasons for the cost. Accordingly, I recommend that the Court deny Plaintiff's request for costs.

### E. Interest

Plaintiff also requests $4,200 in interest. Plaintiff calculates this amount based on a $25,120 judgment multiplied by an interest rate of 9% per year, beginning on January 19, 2008. Though section 605 does not provide a statutory basis for such an award of interest, the district court may nevertheless choose to award pre-judgment interest. *See Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995) (holding that "[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted 'are matters confided to the district court's broad discretion'") (citation omitted). "The Second Circuit has recognized that pre-judgment interest may be permitted in the absence of express statutory authorization 'when the awards were fair, equitable and necessary to compensate the wronged party fully.'" *Rojas*, 2006 WL 3388654, at *9 (quoting *Wickham Contracting Co., Inc. v. Local Union No. 3*, 955 F.2d 831, 836 (2d Cir. 1992)). However, because plaintiff is receiving enhanced damages in addition to statutory damages, I find that awarding pre-judgment interest is unnecessary. *See Wickham*, 955 F.2d at 834 (noting that "if the statutory obligation on which interest is sought is

punitive in nature," pre-judgment interest should not be imposed); *Rojas*, 2006 WL 3388654, at *9.

### III. Conclusion

For the reasons set forth above, I respectfully recommend that the Court award Plaintiff $16,045.40 in damages, limited to a single recovery against the individual defendant and the corporate defendant, jointly and severally.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation on ECF. Extensions of time to file objections should be directed to Judge Mauskopf. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on Defendants by overnight mail, within three days of receipt, and should file proof of such service on ECF.

**SO ORDERED**

**Dated: March 15, 2011**
  **Brooklyn, New York**

              /s/ ALC
              _____
              **HONORABLE ANDREW L. CARTER, JR.**
              **UNITED STATES MAGISTRATE JUDGE**